___

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **RONALD KELLY,**<br><br>Petitioner,<br><br>vs.<br><br>**WARDEN BIGELOW et al.,**<br><br>Respondents. | **MEMORANDUM DECISION & ORDER GRANTING RESPONDENTS' MOTION TO DISMISS**<br><br>Case No. 2:14-CV-312 DB<br><br>District Judge Dee Benson |

Petitioner, Ronald Kelly, an inmate at Utah State Prison, filed a habeas-corpus petition. *See* 28 U.S.C.S. S § 2254 (2016). Because Petitioner challenges only his sentence's execution, the Court construes the petition to be filed under § 2241. *Id*. § 2241.

## FACTS

In 1983, Petitioner was found guilty in district court, state of Utah, of Criminal Homicide, Murder in the First Degree, a Capital Offense. The sentencing options were either death or life imprisonment. Petitioner was sentenced "for the term of life." The trial court recommended to the Utah Board of Pardons and Parole (BOP) that Petitioner serve "his entire life sentence." Petitioner's prior criminal history included convictions of theft, aggravated assault, and attempted homicide.

In 1993, BOP determined, due to prison programming and performance, that it would not assign Petitioner a life determination at that time, but that his case would be reheard in September of 2008.

On November 17, 2008, BOP decided Petitioner would serve his entire "Natural Life in prison." Its rationale included a number of aggravating factors, including disciplinary problems.

On June 6, 2011, Petitioner filed a Utah R. Civ. P. 65B petition, and Respondents' Motion for Summary Judgment was granted on January 7, 2012. Petitioner appealed in the Utah Court of Appeals, and that court affirmed the trial court's order. Petitioner filed a Petition for Writ of Certiorari in the Utah Supreme Court, which was denied on February 12, 2013. On April 24, 2014, Petitioner filed this federal action.

Petitioner argues here that (1) the trial court erred in denying his motions to amend his petition, as well as his motions for document production, and that the Utah Court of Appeals erred in affirming that denial; (2) his due-process and equal-protection rights were violated by BOP's 2008 life-imprisonment decision, which was "contrary" to BOP's earlier 1993 decision; (3) BOP relied on false information that he killed his victim in front of her children, which is contradicted by "new evidence" in police reports; (4) BOP's life decision was an *ex post facto* violation; and (5) BOP based its life-imprisonment decision on his race and the fact that he was not a member of Utah's predominant religion, violating his equal protection rights.

## ANALYSIS

### I.  Period of Limitation

The statute governing the period of limitation for federal-habeas petitions states in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.S. § 2244 (d)(1) (2016).

Because this is a § 2241 petition, in which Petitioner is challenging the execution of his sentence, not the sentence itself, subsection (A) does not apply; after all, it has to do with the date upon which the judgment became final. Subsection (B) does not apply, as it regards an impediment to filing; no such impediment is alleged here. Subsection (C) likewise does not apply, in that Petitioner is not asserting a newly recognized or retroactive right.

It is subsection (D) that applies here. The question therefore is when Petitioner could have discovered the factual predicate of his claims using due diligence. Petitioner knew in 1983, at sentencing, that the trial court had recommended to BOP that he serve his entire life sentence. This recommendation surely put him on notice that he could very well be imprisoned until he died. But he most certainly had to know on November 17, 2008, that BOP had decided that he would remain incarcerated for his natural life, when it was explicitly spelled out in a written decision. To meet the period of limitation, Petitioner should have filed his federal-habeas claims within one year later. He did not.

The one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

3

judgment or claim is pending." *Id*. § 2244(d)(2).  Petitioner filed his state post-conviction petition on June 6, 2011--almost two years after the federal period of limitation ran out on November 20, 2009.  "[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'"  Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)); see also Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  Therefore, statutory tolling does not save Petitioner's claims.

Equitable tolling is available only "in rare and exceptional circumstances."  Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).  And Petitioner bears the burden of establishing: "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).   But Petitioner alleges nothing indicating rare, exceptional or extraordinary circumstances that were beyond his control and prevented him from timely filing.

Because neither statutory nor equitable tolling apply here, the period of limitation expired on November 20, 2009, more than four years before Petitioner filed this petition, making all of Petitioner's claims time-barred.

## II. Alternate Basis for Dismissal of Unexhausted Claim: Exhaustion & Procedural Default

"A habeas petitioner is 'generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.'"  Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)).  "In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in the Utah courts.  This means Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief."  Tiedemann v. Bigelow, 2:10-CV-803

CW, 2012 WL 4584492 (D. Utah Oct. 1, 2012).  Exhaustion of Utah remedies requires Petitioner to have sought certiorari review of his federal claims in the Utah Supreme Court.  Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992).  Petitioner exhausted his state remedies as to all his claims, except one.

The state postsentence investigation report shows that Petitioner stated that when he was leaving the crime scene he noted the victim's children and tucked them in.  Petitioner filed an untimely motion to amend his trial-court petition, arguing a police report showed "new evidence" refuting that his crime was committed in front of his victim's children.  The trial court did not address this motion, and Petitioner only vaguely alluded to this claim in both the Utah Court of Appeals and the Utah Supreme Court.

The same claim is brought here. Petitioner argues BOP's life-imprisonment decision was based on "false information" that he killed his victim in her children's presence, but that a police report provides "new evidence" stating the children were sleeping when police arrived at the scene.

Petitioner, however, did not fairly present this claim to the state courts to give them a chance to pass upon his allegations that his rights were violated.  See Picard v. Connor, 404 U.S. 270, 275 (1971).  In other words, he did not timely present it to the trial court, so the trial court did not address it on the merits.  Then, he only vaguely suggested the issue at each appellate-court level, where it was not passed upon on the merits either.  Therefore, this claim is unexhausted.

When Petitioner "failed to exhaust his state remedies and the court to which [he] would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for

5

purposes of federal habeas relief." Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).

Under Utah law, res judicata--specifically claim preclusion--forecloses Petitioner from bringing this claim in the trial court. Claim preclusion requires:

> First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented involves in the first suit or must be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits.

Macris & Assoc. Inc. v. Neways, Inc., 16 P.3d 1214 (Utah 2000) (quoting Madsen v. Borthick, 769 P.2d 235, 247 (Utah 1988)). As to this claim, the same parties would be involved, the first suit resulted in a final judgment on the merits, and Petitioner "could and should have" raised the claim in his state habeas petition.[1]

Petitioner had decades to clarify for BOP what his self-reported statement meant, as well as decades to obtain police reports/case summaries. Accordingly, this claim "could and should have" been raised in Petitioner's state habeas petition. Having failed to raise the claim, state law procedurally bars Petitioner from relitigating it. The claim is technically exhausted, barred by state procedural law, and procedurally defaulted in this federal habeas case.

### III. No violation of United States Constitution, laws or treaties

Under § 2241, a writ of habeas corpus shall not be entertained or extended to a prisoner unless "he is in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C.S § 2241(c) (2016). Petitioner's claims center on BOP's life-imprisonment decision, which forecloses him from having another parole opportunity. But "there is no [federal]

---

[1] A petition brought under Utah R. Civ. P. 65B is the appropriate avenue to challenge BOP's jurisdiction or failure to act as required by constitutional or statutory law. Rule 65B(d)(3)(D). The doctrine of res judicata is applicable to these proceedings. Burleigh v. Turner, 388 P.2d 412 (1984).

constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Petitioner does not argue that he was not sentenced to a valid life term. He has no constitutional right to parole before his life term expires.

Nor does Utah's parole statute create a liberty interest entitling prisoners to federal constitutional protection. Malek v. Haun, 26 F.3d 1013, 1016 (10th Cir. 1994). Specifically, Malek held that Utah's parole statute "grants the parole board complete discretion in making parole decisions," and that this statute "does not create a liberty interest entitling [an offender] to due process protections under the Fifth and Fourteenth Amendments of the United States constitution." Id. at 1016. Petitioner has no federal right to parole, and he has no federal due-process rights associated with parole. Petitioner's constitutional rights were not violated by BOPs decision that he would remain incarcerated for life, and would, therefore, not be provided another parole opportunity.[2]

### No equal-protection violation

Petitioner perfunctorily attributes differences in Board determinations, between himself and other offenders, to race or religion. But Petitioner's assertion is simply not supported by his factual allegations. Conclusory, unsupported allegations fail to support a claim. See Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992).

---

[2] Petitioner also asserts that BOP is bound by its 1993 notation that, at that time, it was not giving Petitioner "life." No federal law prohibits BOP from changing its determinations over time. And Petitioner was on notice that BOP's 1993 decision could be reviewed and modified. The decision stated it "*is subject to review and modification by BOP of Pardons at any time until actual release from custody.*"

### No *ex post facto* violation

A criminal or penal law is not *ex post facto* unless two elements are present: "it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver v. Graham, 450 U.S. 24, 29 (1981). Neither element exists here.

When Petitioner was convicted in 1983, the sentencing options for criminal homicide were death or life imprisonment. Kelly v Utah Bd. of Pardons, 2012 UT App 242, at ¶ 2. Petitioner was sentenced to life imprisonment. No retrospective element exists as to this sentence. And the plain language of the sentence, a "term of life," clearly indicates it may include the maximum term of life in prison. Petitioner has not been disadvantaged. Neither required element for an *ex post facto* violation exists.

### IV. Federal habeas relief does not lie for errors of state law.

"[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). "[A] well-established principle of federalism [is] that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts." Wainswright v. Sykes, 433 U.S. 72, 81 (1977).

The Utah Court of Appeals upheld the trial court's denials of Petitioner's request to amend his petition, explaining Petitioner improperly brought his requests under Utah R. Civ. P. 60(b), which did not apply. Kelly, 2012 UT App at ¶ 6. Under state law, the amendments should have been brought under Utah R. Civ. P. 15, but Petitioner failed to show any reason to amend within that rule. Id. Moreover, given the final ruling on the merits, a motion to amend would have been untimely. Id. The Utah Court of Appeals decision is a state court decision resting on an adequate foundation of state law, which is not reviewable here.

As to Petitioner's motions for production of documents, although not addressed by state appellate courts, the trial court held that under state law Petitioner could have "request[ed] access to said records pursuant to the Government Records Access and Management Act, Utah Code Ann. Section 63G-2-101 et. al." Once again, this state court decision rests on a foundation of state law, and is not reviewable here.[3]

Finally, state law provides BOP with statutory authority to determine if, when, and under what conditions an inmate is provided a parole opportunity. See Utah Code Ann. § 77-27-5(1)(a) (2014). Further, BOP parole decisions "are final and are not subject to judicial review." See Utah Code Ann. § 77-27-5(3) (2014). And "so long as the period of incarceration decided upon by [BOP] falls within an inmate's applicable indeterminate range, . . . then that decision, absent unusual circumstances, cannot be arbitrary and capricious." Preece v. House, 886 P.2d 508, 512 (Utah 1994).

The Utah Court of Appeals explained in Petitioner's case that "[t]he Board has the authority, but not the obligation, to grant parole to inmates" and "terms of imprisonment 'shall continue until the maximum period has been reached unless sooner terminated or commuted' by BOP." Kelly, 2012 UT App at ¶ 4 (quoting Utah Code Ann. § 77-18-4(3)). Accordingly, the Utah Court of Appeals held that "BOP exercised its discretion to not grant parole to [Petitioner] and instead decided that [Petitioner's] term would be the maximum, life in prison," and "this term is within the statutory limits and within BOP's discretion." Id.

This state court decision rests on a foundation of state law making it immune from review here.

---

[3] Petitioner also alleges his rights under the Utah Constitution, Article 1, §§§ 24, 25, and 27 have been violated. Petitioner fails to provide, however, specifically how his rights under these State constitutional provisions were violated. The Court is not required to accept as true Petitioner's conclusory allegations, even from a *pro se* litigant, as it takes no special legal training to recount the facts surrounding the alleged injuries. Hill v. Corr. Corp. of America, 14 F.Supp. 2d 1235, 1237 (D. Kan. 1998).

## CONCLUSION

Petitioner's claims are denied because they were filed past the one-year period of limitation, and neither statutory nor equitable tolling apply.  Alternatively, Petitioner's claim as to newly discovered evidence is barred by principles of exhaustion and procedural default. Finally, all of Petitioner's claims are denied on the merits because they do not state a violation of federal law.

**IT IS THEREFORE ORDERED** that Respondent's motion for denial of this petition is **GRANTED**.  (*See* Docket Entry # 10.)

This case is **CLOSED**.

DATED this 16th day of March, 2016.

BY THE COURT:

DEE BENSON
United States District Judge